IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN PARSONS, ) | |
|     Plaintiff, ) | |
| vs. ) | No.  3:17-CV-2056-B-BH |
| ) | |
| CHARLES WILLINGHAM and ) | |
| KRISTIN TRIMBLE, ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

### I.  BACKGROUND

John Parsons (Plaintiff), an inmate confined in the Texas Department of Criminal Justice's Neal Unit, sues Parole Officer Charles Willingham (Officer) and Parole Office Unit Supervisor Kristin Trimble (Supervisor) under 42 U.S.C. § 1983. (doc. 3 at 3.)[1] He claims that Officer and Supervisor (Defendants) violated his constitutional rights to due process because Officer "lied on paperwork" associated with his parole revocation hearing, and Supervisor "signed off on everything without proof" despite the fact that "[t]he paperwork [was] contradictory." (*Id.* 3-4)  He further claims that "parole told [his fiancee] to say what was said" at his revocation hearing. (*Id.*)  He seeks to be reinstated on parole and monetary relief. (*Id.*)  No process has been issued in this case.

### II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma*

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

2

A.   **Habeas Claims**

Plaintiff seeks to be reinstated on parole and be released from imprisonment. (doc. 3 at 4.) Habeas relief is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).  A prisoner cannot challenge the fact or duration of confinement. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he fails to state a cause of action upon which relief may be granted on his claim for release.[2]

B.   **Immune Defendants**

Plaintiff sues his parole officer and his supervisor for alleged violation of his constitutional rights.  The capacity in which he sues each defendant is not clear.

*1. Official Capacity Claims*

To the extent that Plaintiff is suing Defendants in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Texas parole officers are considered agents of the state, immune from claims for damages under the Eleventh Amendment, when acting in their official, prosecutorial capacities. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir.1997); *Garcia v. Dall. Police Dep't*, No. 3:13-CV-1261-B-BH, 2013 WL 5433502, at *8 (N.D. Tex. July 1, 2013).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be

---

[2]  Because Plaintiff also requests monetary relief and has clearly filed this action under § 1983, it will not be construed as a petition for a writ of habeas corpus.

3

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[3] "The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies. This immunity applies unless it is waived by consent of a state or abrogated by Congress." *See Curry v. Ellis Cnty., Tex.*, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Any official capacity claims against Defendants are all based on actions taken in their official capacities as agents of the State of Texas.  Accordingly, Plaintiff's § 1983 official capacity claims against them should be dismissed as frivolous because the State of Texas is immune from suit.

### 2. *Individual Capacity Claims*

"Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam).  They also enjoy absolute immunity for actions taken when personally participating in the revocation hearing. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam); *see also Woods v. Chapman*, 239 F. App'x

---

[3] Although courts and litigants often use "Eleventh Amendment immunity" as a "convenient shorthand", the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *N. Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

35, 37 (5th Cir. 2007) (per curiam) (parole officials were absolutely immune from suit for damages arising from proceedings to revoke or change conditions of parole).  Because Defendants, as parole officers, are immune from suit, Plaintiff has failed to state a claim against them upon which relief may be granted, and his § 1983 claims against them individually should be dismissed.[4]

**C.     Constitutional Violations**

Finally, Plaintiff's allegations that he has been subjected to a violation of the Due Process clause of the Constitution also fail to state a claim upon which relief may be granted.

"Parole" is the "discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision and control of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (West 2017).  Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside a prison, subject to specific conditions, is left solely to the discretion of the Texas Board of Pardons and Paroles. TEX. GOV'T CODE § 508.141 (West 2017).  Texas prisoners do not have a protected liberty interest in parole, so procedural or substantive due process grounds do not provide a basis for challenging state parole review procedures. *Toney v. Owens*, 779 F.3d 330, 341-42 (5th Cir. 2015); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("Texas prisoners . . . cannot mount a challenge against any state parole review procedure on procedural .

---

[4] Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  It provides that a plaintiff who seeks to recover damages for allegedly unconstitutional conviction, imprisonment or other unlawful action that renders a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87.  Because the issues in this case are appropriate for early and final determination, however, consideration of whether *Heck* bars Plaintiff's claims is not required.  *See Patton v. Jefferson Correct-ional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

. . Due Process grounds."). Plaintiff's due process claim therefore lacks an arguable basis in law.

## IV. RECOMMENDATION

The plaintiff's complaint should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B)(i). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

**SIGNED this 19th day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE